IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Linda Richardson, | ) FILED: JUNE 26, 2009 |
| | ) 09CV3871 |
| Plaintiff, | ) JUDGE SHADUR |
| | ) MAGISTRATE JUDGE SCHENKIER |
| v. | ) No. AO |
| | ) |
| Allied Interstate, Inc., a Minnesota corporation, | ) |
| | ) |
| Defendant. | ) <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Linda Richardson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Linda Richardson ("Richardson"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a CreditOne Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Richardson.

5. From Defendant Allied's offices in Arizona, California, Florida, Minnesota, North Carolina, New York, Ohio and Texas, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumer in virtually every state, including consumers in the State of Illinois.

6. Defendant Allied is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit A.

7. Moreover, Defendant Allied is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit B.

**FACTUAL ALLEGATIONS**

8. Ms. Richardson is a disabled woman, of limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she originally owed for a CreditOne Bank credit card. The CreditOne Bank account became delinquent, and eventually, Defendant Allied began collection actions relative to that debt. Accordingly, Ms. Richardson sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial

difficulties, where those persons have virtually no assets and their income is protected from collection.

9. On May 22, 2009, one of Defendant Allied's debt collectors called Ms. Richardson to demand payment of the CreditOne Bank debt. Ms. Richardson advised Allied's debt collector that she was represented by LASPD, and that Defendant should call LASPD regarding the matter. Rather than ending the call and contacting Ms. Richardson's attorney, Defendant Allied's debt collector kept demanding that Ms. Richardson pay the debt, which forced Ms. Richardson to terminate the phone call.

10. On May 26, 2009, Ms. Richardson's attorney at LASPD wrote a letter to Defendant Allied, confirming to it that Ms. Richardson was represented by counsel as to this debt, and directing Allied to cease contacting Ms. Richardson, and to cease all further collection activities because Ms. Richardson was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter and the fax confirmation are attached as Exhibit C.

11. Despite being directly advised by Ms. Richardson, and by her attorneys at LASPD, that she was represented by counsel, Defendant Allied again directly called Ms. Richardson on or about June 7, 2009 and/or June 8, 2009 to demand payment of the debt. Ms. Richardson again informed Allied's debt collector that she was represented by an attorney at LASPD, and told Allied stop contacting her. The debt collector told Ms. Richardson that "an attorney can not assist you". Ms. Richardson was forced by the aggressive tone and tenor of Allied's debt collector to terminate the phone call.

12. Thus, on June 9, 2009, Ms. Richardson's LASPD attorney sent Defendant Allied yet another letter, directing it to cease communicating directly with Ms. Richardson. A copy of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, on June 13, 14, and 15, 2009, Defendant Allied continued to call Ms. Richardson directly, from the telephone number 502-565-1198, to attempt to collect the debt at issue.

14. All of the collection actions at issue occurred within one year of the date of this Complaint.

15. Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant knew that Ms. Richardson was represented by counsel in connection with this debt because she and her LASPD attorneys had informed Defendant, orally and in writing, that Ms. Richardson was represented by counsel, and had directed Defendant to cease all collection activities and to cease directly communicating with her. By continuing to demand payment after being told that Ms.

Richardson was represented by counsel, and by directly calling Ms. Richardson, despite being advised that Ms. Richardson was represented by counsel, Defendant Allied violated § 1692c(a)(2) of the FDCPA.

19. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections**

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, Ms. Richardson's LASPD attorney told Defendant Allied in writing to cease all collection activities, to cease communications, and that she refused to pay her debts (Exhibit C). By continuing to communicate with Ms. Richardson and demanding payment of her debt, Defendant Allied violated § 1692c(c) of the FDCPA.

23. Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA --**
**False Statements**

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by making false statements to Ms. Richardson, including, but not limited to: stating that "an attorney can not assist you".

26. An attorney can always assist a consumer regarding debt collection actions and, in fact, was assisting Ms. Richardson as to Defendant Allied's debt collection actions. Thus, Defendant Allied's statement was false, deceptive or misleading in violation of § 1692e of the FDCPA.

27. Defendant Allied's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Richardson, prays that this Court:

1. Declare that Defendant Allied's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Richardson, and against Defendant Allied, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Richardson, demands trial by jury.

Linda Richardson,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 26, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com