IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Richardson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 3871 |
| | ) | |
| Allied Interstate, Inc., a Minnesota Corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) | Judge Shadur |
| | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**AMENDED COMPLAINT**

Plaintiff, Linda Richardson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Linda Richardson ("Richardson"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Credit One Bank credit card, despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Richardson.

5. From Defendant Allied's offices in Arizona, California, Florida, Minnesota, North Carolina, New York, Ohio and Texas, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumer in virtually every state, including consumers in the State of Illinois.

6. Defendant Allied is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit A.

7. Moreover, Defendant Allied is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit B.

8. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that act as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant LVNV was acting as a debt collector as to

the delinquent consumer debt that its had its agent, Defendant Allied, attempt to collect from Ms. Richardson.

9. Defendant LVNV is a bad debt buyer who specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debt it then tries to collect via collection firms, like Defendant Allied.

. 10. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here. See, Illinois Secretary of State record, which is attached as Exhibit C.

11. Defendant LVNV is licensed to act as a collection agency in Illinois. See, Illinois Division of Professional Regulation record, which is attached as Exhibit D.

**FACTUAL ALLEGATIONS**

12. Ms. Richardson is a disabled woman, of limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she originally owed for a Credit One Bank credit card. The Credit One Bank account became delinquent, and eventually, Defendant LVNV purchased that debt after default and turned it over to Defendant Allied for collection.

13. Accordingly, Ms. Richardson sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

14. On May 22, 2009, one of Defendants' debt collectors called Ms. Richardson to demand payment of the Credit One/LVNV debt. Ms. Richardson advised

this debt collector that she was represented by LASPD, and that Defendants should call LASPD regarding the matter. Rather than ending the call and contacting Ms. Richardson's attorney, Defendants' debt collector kept demanding that Ms. Richardson pay the debt, which forced Ms. Richardson to terminate the phone call.

15. On May 26, 2009, Ms. Richardson's attorney at LASPD wrote a letter to Defendant Allied, confirming to it that Ms. Richardson was represented by counsel as to this debt, and directing Allied to cease contacting Ms. Richardson, and to cease all further collection activities because Ms. Richardson was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit E.

16. Nonetheless, that same day Defendants sent Ms. Richardson a collection letter, dated May 26, 2009, demanding payment of the Credit One/LVNV debt. A copy of this letter is attached as Exhibit F.

17. Despite being directly advised by Ms. Richardson, and by her attorneys at LASPD, that she was represented by counsel, Defendants' debt collectors called Ms. Richardson on or about June 7, 2009 and/or June 8, 2009, to demand payment of the Credit One/LVNV debt. Ms. Richardson again informed Defendants' debt collector that she was represented by an attorney at LASPD, and told Defendants to stop contacting her. The debt collector told Ms. Richardson that "an attorney cannot assist you". Ms. Richardson was forced by the aggressive tone and tenor of Defendants' debt collector to terminate the phone call.

18. Thus, on June 9, 2009, Ms. Richardson's LASPD attorney sent Defendants yet another letter, directing it to cease communicating directly with Ms. Richardson. Copies of this letter and fax confirmation are attached as Exhibit G.

19. Nonetheless, on June 13, 14, and 15, 2009, Defendants' debt collectors continued to call Ms. Richardson directly, from the telephone number 502-565-1198, to attempt to collect the debt at issue.

20. All of the collection actions at issue occurred within one year of the date of this Complaint.

21. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22. Plaintiff adopts and realleges ¶¶ 1-21.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew that Ms. Richardson was represented by counsel in connection with this debt because she and her LASPD attorneys had informed Defendants, orally and in writing, that Ms. Richardson was represented by counsel, and had directed Defendants to cease all collection activities and to cease directly communicating with her. By continuing to demand payment after being told that Ms.

5

Richardson was represented by counsel, and by directly calling Ms. Richardson, despite being advised that Ms. Richardson was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

26.     Plaintiff adopts and realleges ¶¶ 1-21.

27.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

28.     Here, Ms. Richardson's LASPD attorney told Defendants in writing to cease all collection activities, to cease communications, and that she refused to pay her debts (Exhibit E).  By continuing to communicate with Ms. Richardson and demanding payment of her debt, Defendants violated § 1692c(c) of the FDCPA.

29.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### False Statements

30.     Plaintiff adopts and realleges ¶¶ 1-21.

31. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendants violated § 1692e of the FDCPA by making false statements to Ms. Richardson, including, but not limited to: stating that "an attorney can not assist you".

32. An attorney can always assist a consumer regarding debt collection actions and, in fact, was assisting Ms. Richardson as to Defendants' debt collection actions. Thus, Defendants' statement was false, deceptive or misleading in violation of § 1692e of the FDCPA.

33. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Richardson, prays that this Court:

1. Declare that Defendants', Allied's and LVNV's, debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Richardson, and against Defendants, Allied and LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Richardson, demands trial by jury.

Linda Richardson,


By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 1, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2009, a copy of the foregoing **AMENDED COMPLAINT** was electronically filed with the District Court. Notice of this filing will be sent to the following parties via process server with the Summons.

Allied Interstate, Inc. and
LVNV Funding, LLC
c/o CT Corporation, as registered agent
208 S. LaSalle Street
Suite 814
Chicago, Illinois 60604


/s/ David J. Philipps

David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
DavePhilipps@aol.com